IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNY SIDES, #116653, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-143-MEF |
| | ) [WO] |
| | ) |
| GWENDOLYN MOSLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Johnny Sides ["Sides"], a state inmate, complains that Gwendolyn Mosley, the warden of Easterling Correctional Facility, has failed to provide him a receipt or other documentation with respect to his attempted purchase of books from an outside source in May of 2005. Sides further challenges actions taken by Judge Bobby Adderholt during proceedings related to a 1984 conviction for first degree rape imposed upon him by the Circuit Court of Winston County, Alabama. Sides seeks declaratory relief, monetary damages and immediate release from prison.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### A. Purchase of Books

On April 29, 2005, Sides requested permission from correctional officials for withdrawal of funds from his prison account in the amount of $15.00 to be sent to the Superintendent of Documents in Pittsburgh, Pennsylvania for purchase of the Federal Rules of Civil Procedure and Federal Rules of Evidence. *Plaintiff's Exhibit 1 - Funds Withdrawal Request.* Warden Jones approved this request and on May 2, 2005, correctional personnel conducted a withdrawal from the plaintiff's inmate account in the amount of $15.00 for payment to the "Superintendent of D[ocuments]" in accordance with Sides' April 29, 2005 funds withdrawal request. *Plaintiff's Exhibit 2 - Inmate Account Information from April 25, 2005 through December 31, 2005.* Sides asserts that he "never did receive" the books from the Superintendent of Documents in Pennsylvania "nor did he get his money back ..." from his unfulfilled book order. *Plaintiff's Complaint* at 7. He maintains that correctional officials at Easterling violated his constitutional rights because they did not "maintain a receipt [from] the company" that the company "did receive said funds and [the] date of receipt ..." of these funds. *Id.* This allegation entitles Sides to no relief.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or

laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). The failure of correctional officials to obtain a receipt from a free-world company or business for an order placed by an inmate does not violate any tenet of the Constitution. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Thus, the actions about which Sides complains provide no basis for relief under § 1983 and his challenge to the lack of a receipt for the expenditure of his funds is therefore subject to dismissal as frivolous under the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### B. Loss of Funds

Upon a request from Sides, correctional officials withdrew funds from his inmate account as payment for books Sides sought to purchase from a free-world business. Correctional officials directed payment of such funds to the agency identified by Sides in his funds withdrawal request. Sides, however, did not receive the books for which he authorized payment. He complains that defendant Mosley has refused to refund his money. This claim provides no basis for relief in this cause of action.

> If [correctional officials have refused to refund plaintiff's money] because of negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [correctional officials] intentionally refused to return the [money to his account], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an "unauthorized intentional deprivation of property by a state employee does not constitute

> a violation of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available." 104 S.Ct. at 3202, 82 L.Ed.2d at 407.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for an inmate to seek redress from correctional officials for the loss of his property. *Ala. Code* § 41-9-60 et seq. (1982). Consequently, the plaintiff's allegation that defendant Mosley violated his constitutional rights by refusing to refund his money, whether this action resulted from negligence or an intentional act, is "based on an indisputably meritless legal theory" and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### C. Embezzlement

Sides asserts that "it is now a criminal matter" because the failure of correctional officials to obtain a receipt for his funds constitutes embezzlement. *Plaintiff's Complaint* at 6. In order to proceed on a claim under 42 U.S.C. § 1983, the conduct complained of must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt*, *supra*. A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Leeke v. Timmerman*, 454 U.S. 83

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein is equally applicable to the directives contained in the present statute.

(1981).  Consequently, Sides has no constitutionally protected interest in the prosecution of Ms. Mosley or any other individual for embezzlement and this claim is therefore subject to dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### D.  Claims Against Judge Bobby Adderholt

Sides argues that Judge Adderholt violated his constitutional rights during the criminal proceedings related to his 1984 conviction for first degree rape.  Specifically, Sides complains that Judge Adderholt had various conflicts of interest and "should have never been allowed to preside ... over my case."  *Plaintiff's Complaint* at 12.  The claims against Judge Adderholt entitle Sides to no relief from this court.

1. <u>The Request for Monetary Damages</u>.  It is clear that all of the allegations made by Sides against Judge Adderholt emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Accordingly, the plaintiff's claims for monetary damages against Judge Adderholt are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of  28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2. <u>The Request for Declaratory Relief</u>.  To the extent Sides seeks declaratory relief for adverse actions taken against him by Judge Adderholt in the criminal proceedings over which this defendant presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, ___, 126 S.Ct. 1198, 1199 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Sides from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at ___, 125 S.Ct. At 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous

6

decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the plaintiff's request for declaratory relief with respect to actions undertaken by Judge Adderholt during proceedings related to the 1984 conviction for first degree rape is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

### E.  The Rape Conviction

Sides presents claims which challenge the validity of the 1984 conviction entered against him by the Circuit Court of Winston County, Alabama for first degree rape. However, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must thisefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The claims against Judge Adderholt go to the fundamental legality of the rape

conviction and resulting sentence imposed upon Sides by the Circuit Court of Winston County in 1984. A judgment in favor of Sides on these claims would necessarily imply the invalidity of this conviction and sentence. It is clear from the complaint that the conviction about which Sides complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the 1984 first degree rape conviction is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's receipt and loss of property claims against Gwendolyn Mosley be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The § 1983 claims presented against Judge Bobby Adderholt be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

3. The plaintiff's challenge to the constitutionality of the conviction imposed upon him in 1984 by the Circuit Court of Winston County, Alabama for first degree rape be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

4. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before March 6, 2007 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of February, 2007.

                                                /s/ Wallace Capel, Jr.
                                      WALLACE CAPEL, JR.
                                      UNITED STATES MAGISTRATE JUDGE